APPEAL OF OSMOND K. FRAENKEL, AS EXECUTOR UNDER THE LAST
WILL AND TESTAMENT OF GEORGE A. KESSLER, DECEASED.

Docket No. 3182.  Submitted October 28. 1925.  Decided April 8, 1926.

*Osmond K. Fraenkel* for the taxpayer.
*J. Sterling Halstead, Esq.*, for the Commissioner.

Before PHILLIPS, GRAUPNER, and TRAMMELL.

This is an appeal from the determination by the Commissioner of
a deficiency of $1,478.14 in estate tax, resulting in part from the
disallowance of a deduction of $5,850 taken by the estate as a claim
against the estate of the decedent.

FINDINGS OF FACT.

In 1905, George A. Kessler, the deceased, was a customer of the
brokerage firm of Ellingwood & Cunningham, doing business in
the City of New York, and had on deposit with that firm in excess
of $100,000. At that time the affairs of the firm became involved
and an assignment for the benefit of creditors was made to a former
partner of the firm. At the time of the assignment the decedent
was abroad, and one Samuel Robert, a brother-in-law and business
associate of the decedent, who held a general power of attorney
from the decedent and acted as his agent during his frequent
absences abroad, consulted the decedent's attorneys, and, at their
suggestion, a petition in involuntary bankruptcy was filed against
the brokerage firm, the decedent appearing as one of the petitioners.

A creditors' committee was formed and, after some negotiations,
the petition in bankruptcy was withdrawn and the members of
the creditors' committee were substituted as assignees for the bene-
fit of the creditors in the place of the original assignee. Robert
had no personal claim against the brokerage firm but became one
of the substituted assignees. The other three were either large
creditors or attorneys for such creditors.

The assignees entered upon the performance of their duties and,
in the latter part of 1911, filed their account and later two supple-
mental accounts. Objections thereto were filed by one of the credi-
tors. The objection which was considered most serious was the
failure of the assignees to collect a large number of accounts which
appeared upon the books of the brokerage firm. These accounts
aggregated over $500,000 and had not been collected either because
the assignees had believed the debtors to be insolvent, or the claims
to be fictitious, or uncollectible for some other reason. Hearings on
the objections proceeded before a referee at various dates over a

period of years, and at the same time negotiations were had looking to a settlement of the difficulties.   Because of the years which had elapsed from the date of the assignment, the assignees were meeting with difficulty in establishing the basis for their failure to proceed to attempt collection of these accounts.

The decedent was, from time to time, informed by Robert of the situation which existed and of the objections to the accounting and the possibility that it would be necessary to make some payment in settlement.   The decedent instructed Robert to do the best he could by way of settlement and promised to pay whatever sum Robert might be called upon to pay.   At that time it was understood that the payment by each of the assignees would not exceed $6,000.

The decedent died on September 13, 1920, and thereafter, in November, 1923, an agreement was signed between the assignees and the objecting creditor under which each of the assignees paid such creditor $5,850, and the creditor withdrew her objections to the account.   The sum of $5,850 was not paid by Robert, but was paid by the executor of the estate of the decedent to the attorneys for the assignees.

Robert had no claim against the brokerage firm.   The claim of the decedent against the brokerage firm was the third largest claim. The attorneys for the assignees were the decedent's attorneys and the same firm which instituted bankruptcy proceedings on behalf of the decedent.   Throughout the administration of the assigned estate Robert acted under the advice of these attorneys.   He received no compensation for his services as assignee.

Robert had a claim against the estate of the decedent for the sum of $5,850, which was paid by the executor of the estate.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*